**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DASHON HINES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>APPLE,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:23-cv-02180-RBM-DTF<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IFP;**<br><br>**(2) DISMISSING COMPLAINT**<br><br>**[Doc. 2]** |

Plaintiff Dashon Hines ("Plaintiff") has filed a Complaint (Doc. 1) and an Application to Proceed In Forma Pauperis ("IFP Motion") (Doc. 2). For the reasons set forth below: Plaintiff's IFP Motion (Doc. 2) is **GRANTED** and the Complaint (Doc. 1) is **DISMISSED** for failing to state a claim and lack of subject matter jurisdiction.

## I. MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

1

1  § 1914(a); S.D. Cal. Civ. R. 4.5(a).  Under 28 U.S.C. § 1915, however, a litigant who, because of indigency, is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making the payment.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  The facts in an affidavit regarding poverty must be stated "with some particularity, definiteness and certainty."  *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

Plaintiff's IFP Motion states that he is "unable to pay the costs of these proceedings." (Doc. 2 at 1.)  He asserts that he has no sources of income other than public assistance and food stamps amounting to $633 per month.  (*Id.* at 2.)  Plaintiff indicates he has no bank accounts or assets.  (*Id*. at 2–3.)

After considering Plaintiff's IFP Motion, the Court finds that Plaintiff cannot afford to pay the filing fee in this case and is financially eligible to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  Accordingly, Plaintiff's IFP Motion is **GRANTED**.

## II.   SCREENING UNDER 28 U.S.C. § 1915(e)

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory, sua sponte review and dismissal by the Court if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners").  In addition to reviewing IFP complaints under § 1915, "[f]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Henderson*

*ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  Courts address the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Because the Court lacks subject matter jurisdiction and Plaintiff fails to state any claim, the Complaint must be **DISMISSED**.

A.  **Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id*. (internal citations omitted).  Thus, a plaintiff bears the burden of establishing "subject matter jurisdiction."  *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.") (citations omitted).  Under Federal Rules of Civil Procedure 8, a pleading must include "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).

Subject matter jurisdiction may be based on federal question jurisdiction or diversity jurisdiction.  28 U.S.C. 1331 (federal question); 28 U.S.C. § 1332 (diversity).  Plaintiff's Complaint contains no statement of the grounds for the court's jurisdiction.  (Doc. 1 at 1–3.)  Plaintiff seems to have experienced issues with his phone and internet service that he has been unable to resolve to his satisfaction with customer service.  (*Id.* at 1 ("Plaintiff has made several attempts to resolve the issues with Apple only to be met with Apple staff with little or none [sic] english communication skills.").)  He alleges that "Apple has continue[d] to bill the Plaintiff for services which were not provide[d] as outlined in the

3

memorandum of law and attach[ed] exhibits . . . ." (*Id.* at 2.)  However, the attached exhibits, exceeding 70 pages, consist only of the following printouts: a Wikipedia page summarizing litigation involving Defendant over decades (Doc. 1-2); parts of Defendant's website, including its online store, phone comparisons, contact and customer support pages; and Plaintiff's online account information (Doc. 1-3).

On the civil cover sheet, Plaintiff selects the box for "Federal Question" and identifies "41 U.S.C. Code section 6503" and "Breach of Contract" in the Cause of Action section. (Doc. 1-1.)  However, § 6503 applies to contracts "made by an agency of the United States."[2]  41 U.S.C. § 6502.  Section 6503 has no application to the minimal facts stated in the Complaint and certainly does not create federal question jurisdiction.  Plaintiff also does not appear to allege any basis for diversity jurisdiction.  For diversity jurisdiction, each plaintiff must be a citizen of a different state than each of the defendants, and the "amount in controversy" must exceed $75,000. 28 U.S.C. § 1332(a).  While Plaintiff seeks "$1,000,000.00 (one million dollars)" in relief, the allegations of his Complaint do not support that statement.

Accordingly, this action is **<u>DISMISSED</u>** for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### B.    Failure to State a Claim

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nevertheless, "section

---

[2] Another district court reached this same conclusion in dismissing another of Plaintiff's cases. *See Hines v. HP Inc.*, Case No. 24-cv-3995-TLT, Doc. 10 (N.D. Cal. July 29, 2024) (finding no federal question jurisdiction based on § 6503 because statute "only applies to contracts 'made by an agency of the United States' and there are no governmental entities involved in this case.") (citing §§ 6502 and 6503).

1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As discussed above, Plaintiff does not identify any claims in his Complaint and the statute cited on Plaintiff's civil cover sheet does not apply to the allegations concerning his issues with customer service. (*See* Sec. I.A.) Even liberally construing Plaintiff's Complaint, Plaintiff fails to meet the minimal pleading requirements to avoid dismissal pursuant to § 1915(e)(2)(B). Accordingly, Plaintiff's Complaint is also **DISMISSED** for failure to state a claim.

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to attempt to cure the deficiencies identified above. However, the Court cautions Plaintiff that this is not an opportunity to pursue meritless claims or a case for which the Court lacks subject matter jurisdiction.[3] If Plaintiff chooses to amend, the amended

---

[3] The Court notes that Plaintiff is subject to pre-filing orders in the United States Court of Appeals for the Second Circuit and at least three district courts—the Western District of New York, where he resides, the Southern District of New York, and the Northern District of New York—based on his filing of frivolous cases. *See Hines v. Office of Temporary and Disability Assistance Staff*, Consolidation of Case Nos. 21-1629, 21-1648, 21-1651, 21-1665, 21-1914, 2021 WL 5016611 (2nd Cir. Sept. 30, 2021) (noting May 2016 "leave-to-file sanction against Petitioner Dashon Hines" and denying leave to file "because the appeals do not depart from Petitioner's prior pattern of vexatious filings") (citing *In re Dashon Hines*, 2d Cir. 15-4094); *Hines v. New York State Division of Human Rights Staff*, Case No. 21-CV-46929 (LTS), 2022 WL 7150197 (S.D.N.Y Sept. 13, 2022); *In re Dashon*

1 | pleading must be filed on or before **February 28, 2025**. If Plaintiff does not file an
2 | amended pleading, this case will remain closed without further order of the Court.

### III.   CONCLUSION

Based on the foregoing, Plaintiff's IFP Motion (Doc. 2) is **GRANTED**. This case is **DISMISSED** on screening pursuant to § 1915(e)(2) for failure to state a claim and lack of subject matter jurisdiction. If Plaintiff chooses to amend, the amended complaint must be filed on or before **February 28, 2025**. If no amended pleading is filed, the action will remain closed without further order of the Court.

**IT IS SO ORDERED**.

Dated:  February 14, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

*Hines*, Case No. 1:21-PF-0006 (GTS), 2022 WL 168901 (N.D.N.Y. Jan. 18, 2022); *Hines v. IRS*, Case No. 1:20-mc-0014-RJA, Doc. 6 (W.D.N.Y Feb. 13, 2024) (summarizing Plaintiff's litigation history, including sanction order and dismissing case).